Mr. Chief Justice Johnson delivered the opinion of the Court. The only question presented by the record in this case, is whether the court below decided correctly or not, upon the issue of nul ticl record. The defendants’ counsel has not specified or pointed out any variance between the record described in the plaintiff’s replication and the one brought in support of it; but he has rested his objection alone upon a supposed omission in the bill of exceptions to negative the idea that oilier evidence was before the court. He contends that the correctness of the judgment is not enquirable into, and that whether right or wrong it must stand upon the legal presumption which attaches in its favor. He insists that the bill of exceptions does not affirm either in direct words or by implication that it sets forth all the testimony upon, which the court found the issue for the defendant, or that upon the evidence 1 herein set forth, the issue was; submitted to the court, or that no further testimony was offered, or that the bill of exceptions contained all the facts in the case. — > He contends that in this state of the record the defendants may have proved that the record introduced was against different and other persons of the same name, or that the cause of action disclosed in the record was a different and other cause of action than the one sued upon, or that the defendants may have proved other facts which authorized the finding of the court. We will now proceed to test the grounds of these assumptions. The bill of exceptions filed in the cause after detailing the re* cord set forth and described in the replication, concludes as follows: “Whereupon all and singular the records and note above mentioned, being inspected bjr the court as the evidence introduced by the plaintiff under the issue of nul tiel record, and the same being examined by the court on the trial of said issue of nul tiel record, and after duly considering the same, the court found said issue in favor of the defendants, to which judgment, finding and opinion of the court upon said issue of nul tiel record in favor of the defendants, the plaintiff by attorney at the time excepted,” &c. This entry shows very clearly that the record referred to in the replication was the only evidence introduced by the plaintiff; and whether it is silent in respect to that introduced by the defendant or not, is wholly immaterial, as under the issue he could have introduced none to authorize the finding of the court in opposition to that brought forward by the plaintiff. The identity of the parties, or of the cause of action, was not put in issue by the plea of nul tiel record, and consequently no presumption can arise in favor of such proof having been ma.de. The only question presented by the issue of nul tiel record was, whether there was such a record as that described in the replication, and not whether the parties or the cause of action were one and the same. If the defendants had been disposed to contest either of these facts, they could have done so only after first admitting the existence of the record and then by setting up such matter by way of avoidance. It is clear, therefore, that under the issue which was before the court, they could not have introduced any matter to entitle them to a judgment. We are satisfied from Ibis view of the case, that the court below erred in finding for the defendants upon the issue oí nul tiel record, and that the judgment ought to be, and is hereby reversed, and the cause is remanded to the said court to be proceeded in according to law, and not inconsistent with this opinion.